IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE TORRES, et al., | ) | |
|     Plaintiffs | ) | C.A. No. 15-174 Erie |
| | ) | |
|     v. | ) | District Judge Rothstein |
| | ) | Magistrate Judge Baxter |
| NANCY GIROUX, et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I**  **RECOMMENDATION**

It is respectfully recommended that the following individuals be dismissed as Plaintiffs in this case for failure to prosecute: Raymond Gourgue, Albaro Alvarez, James Edwards, and Sibney Martin.

**II**  **REPORT**

On July 17, 2015, the Clerk of Courts received a civil rights complaint filed by eight (8) inmates incarcerated at the State Correctional Institution at Albion, Pennsylvania: Jose Torres, Raymond Gourgue, Albaro Alvarez, Michael Pernell, Shawarrde Fitzgerald, James Edwards, Jhen Scutella, and Sibney Martin; however, the complaint was accompanied only by a motion to proceed *in forma pauperis* filed by Plaintiff Torres. None of the other Plaintiffs paid the required filing fee or filed a motion to proceed *in forma pauperis*. As a result, this Court issued a Show Cause Order, dated August 26, 2015, directing all Plaintiffs, other than Plaintiff Torres, to either pay the filing fee of $ 400.00 to the Clerk of Courts or file a motion to proceed *in forma pauperis* with an accompanying institutional account statement, on or before September 15, 2015, or suffer dismissal from this case for failure to prosecute. [ECF No. 3]. To date, only Plaintiffs Pernell, Fitzgerald, and Scutella responded to this Order and filed motions to proceed

*in forma pauperis*. The other four Plaintiffs, Raymond Gourgue, Albaro Alvarez, James Edwards, and Sibney Martin, failed to comply with this Court's Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends that the three named Plaintiffs who failed to comply with this Court's Order be dismissed from this case. Since the filing of this matter, these Plaintiffs have taken none of the necessary first steps to prosecute this case. Further, said Plaintiffs have failed to comply with an order of this Court. Plaintiffs are proceeding *pro se* and therefore bear all of the responsibility for any failure in the prosecution of their claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiffs' allegations may state a claim upon which relief could be ultimately be granted, the merits of the claims are impossible to determine at this early stage of the proceedings.

### III     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the following individuals be dismissed as Plaintiffs in this case for failure to prosecute:  Raymond Gourgue, Albaro Alvarez, James Edwards, and Sibney Martin.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 16, 2015

cc: The Honorable Barbara Rothstein
United States District Judge