UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

JOSE TORRES, ET AL., )
)
                            Plaintiffs, )        CASE NO.        1:15-cv-00174-BR-SPB
)
        v. )        ORDER REGARDING
)        REPORT AND
)        RECOMMENDATION
NANCY GIROUX, ET AL., )
)
                            Defendants. )
)
_____ )

## I. INTRODUCTION

Pursuant to Local Civil Rule 72, Magistrate Judge Susan Baxter filed a Report and

Recommendation on October 16, 2015 [Dkt. No. 19]. She recommended that this Court dismiss

Raymond Gourgue, Albaro Alvarez, James Edwards, and Sibney Martin as Plaintiffs in this case

for failure to prosecute. Sibney Martin filed an Objection to the Report and Recommendation on

November 2, 2015. Dkt. No. 30. On March 17, 2016, Plaintiff Gourgue voluntarily withdrew

from the case. Dkt. No. 38. Having reviewed the Report and Recommendation, Plaintiff Martin's

Objection, and the underlying record, the Court will ADOPT the Report and Recommendation as

to Plaintiffs Alvarez and Edwards and DECLINE to adopt the Report and Recommendation as to

Plaintiff Martin. The reasoning for this Court's decision is set forth below.

## II. BACKGROUND

Plaintiffs Jose Torres, Raymond Gourgue, Albaro Alvarez, Michael Pernell, Shawarrde

Fitzgerald, James Edwards, Jhen Scutella, and Sibney Martin filed a civil rights complaint on

1

July 17, 2015. Dkt No. 1. With the Complaint, only Plaintiff Torres filed a motion to proceed *in forma pauperis*. Consequently, Judge Baxter issued a Show Cause Order directing the other Plaintiffs to either pay the filing fee or file a motion to proceed *in forma pauperis*, on or before September 15, 2015. Dkt. No. 3 at 1. At the time of filing the Report and Recommendation, only Plaintiffs Pernell, Fitzgerald, and Scutella responded to the Show Cause Order. Dkt. No. 13; Dkt. No. 14; Dkt. No. 15. The other four remaining Plaintiffs, Gourgue, Alvarez, Edwards, and Martin, failed to comply with the Show Cause Order.

Using the balancing test outlined in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), Judge Baxter recommended Plaintiffs Gourgue, Alvarez, Edwards, and Martin be dismissed from the case for a failure to comply with the Court's Show Cause Order. Dkt. No. 19 at 2. After Judge Baxter issued the Report and Recommendation, acting on his own behalf, and ostensibly acting on behalf of Gourgue, Alvarez, and Edwards, Plaintiff Martin objected to the Report and Recommendation. Dkt. No. 30 at 2. In the Objection, Martin alleges that the Plaintiffs are separated from one another and are unable to communicate concerning the details of their case. Dkt. No. 30 at 1. He also addresses correspondence he received from the Clerk of Court dated September 22, 2015. Martin did not, however, explain why he failed to respond to the Show Cause Order. In addition, as noted above, on March 17, 2016, Plaintiff Gourgue voluntarily withdrew from the case. Dkt. No. 38.

### III. DISCUSSION

The Federal Rules of Civil Procedure authorize the referral of dispositive motions to a Magistrate Judge for a report and recommendation. When a party files written objections to any part of the Recommendation, the Court considers *de novo* those portions of the Recommendation

to which objections have been made, and "may accept, reject, or modify the recommended decision[.]" Fed. R. Civ. P. 72(b).

A district court may dismiss a case *sua sponte*, but should do so with caution. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (citing *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982)). When determining whether or not to dismiss, a court is required to use a six-factor balancing test. *Poulis,* 747 F.2d at 868. The court must consider:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense."

*Briscoe*, 538 F.3d at 258 (quoting *Poulis,* 747 F.2d at 868 (emphasis in original)). With these factors in mind, the Court will provide Plaintiff Martin with one final opportunity to comply with the Show Cause Order. In arriving at this conclusion the Court focused on the first and fourth *Poulis* factors.

## A.      The extent of the party's personal responsibility

The Third Circuit has routinely held a *pro se* plaintiff "responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders." *See generally Briscoe*, 538 F.3d at 258 (referencing *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)). However, if the record is insufficient to support a finding that the plaintiff was personally responsible for failing to comply with the orders of the court, the court should provide the plaintiff an opportunity to explain his failure, "thus gathering a full understanding of the facts." *Briscoe*, 538 F.3d at 259.

Here, Martin alleges that, due to their current incarceration status, the Plaintiffs are unable to communicate regarding their case. Specifically, Martin alleges that he is unable to communicate with Plaintiff Torres, the head Plaintiff in this case. *See* Dkt. No. 30 at 1. While he does not explicitly address his failure to comply with the Show Cause Order, the Court presumes that Martin is suggesting that his inability to communicate with the other Plaintiffs in this case has made it difficult for him to remain abreast of what he personally needs to do in order to keep the case moving forward or that he thought Torres' filings would be effective on his behalf. Such allegations suggest that Martin's failure to comply with the Show Cause Order was due to circumstances beyond his personal responsibility.

**B.      Whether the conduct of the party or the attorney was willful or in bad faith**

This factor requires the Court to consider "whether the conduct was the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Id.* at 262 (quoting *Adams v. Trs. of the N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994) (internal quotation marks omitted)). Willful conduct involves "intentional or self-serving behavior." *Id.* Negligent or inadvertent conduct is not considered contumacious. *Briscoe*, 538 F.3d at 262.

The record does not indicate that Martin's conduct was "willful" or done "contumaciously." In fact, while Martin suggests that his successful prosecution of this case was impeded by his alleged inability to communicate with the other Plaintiffs, it also appears that Martin's failure to comply with the Show Cause Order was due to his misunderstanding the Order. In his Objection to the Report and Recommendation, not once does Martin comment on the Show Cause Order. Rather, it appears, he believes that Judge Baxter recommended his dismissal from the lawsuit because he failed to submit a form from the Clerk of Court in which

4

he was supposed to indicate whether he consented to having the case proceed before a Magistrate Judge. Presumably in an effort to correct his noncompliance, Martin submitted this signed form with his Objection. *See* Dkt. No. 29.

**C.     Remaining Plaintiffs**

In the conclusion section of the Objection, Martin requests that the Court not dismiss himself "and the other Plaintiffs." Dkt. No. 30 at 2. Presumably Martin is referring to Alvarez and Edwards, the remaining Plaintiffs who did not comply with the Show Cause Order. These Plaintiffs did not, on their own, file any objections to the Report and Recommendation. In addition, nearly six months have passed since the Report and Recommendation was issued and Alvarez and Edward still have not sought to proceed in *forma pauperis* or pay the requisite filing. Accordingly, they will be dismissed from the case.

## IV. CONCLUSION

Based on the foregoing reasons, the Court adopts the Report and Recommendation as to Plaintiffs Alvarez and Edwards. Plaintiffs Alvarez and Edwards are hereby DISMISSED from

this case. The Court declines to adopt the Report and Recommendation as to Plaintiff Martin.

**Plaintiff Martin is instructed to file a motion to proceed *in forma pauperis* with the accompanying institutional account statement or pay the requisite filing fee on or before May 4, 2016. FAILURE TO DO SO WILL RESULT IN DISMISSAL FROM THIS CASE**.

**IT IS SO ORDERED.**

DATED this 4th day of April, 2016.

Barbara      Jacobs      Rothstein
U.S. District Court Judge