IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE TORRES, et al., | ) | |
|     Plaintiffs | ) | C.A. No. 15-174 Erie |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | Magistrate Judge Baxter |
| NANCY GIROUX, et al., | ) | |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 53] be granted in part and denied in part.

**II.    REPORT**

**A.    Relevant Procedural History**

On or about July 17, 2015, a *pro se* civil rights complaint was filed by the following eight Plaintiffs, all of whom were inmates incarcerated at the State Correctional Institution at Albion: Jose Torres ("Torres"), Raymond Gourgue ("Gourgue"), Albaro Alvarez ("Alvarez"), Michael Pernell ("Pernell"), Shawarrde Fitzgerald ("Fitzgerald"), James Edwards ("Edwards"), Jhen Scutella ("Scutella"), Sidney Martin ("Martin"). On March 17, 2016, Plaintiff Gourgue voluntarily dismissed himself from this action [ECF No. 38], while Plaintiffs Edwards and Alvarez were subsequently dismissed from this case for failure to prosecute, by Order of District Judge Barbara Rothstein dated April 4, 2016 [ECF No. 40]. Thus, only Torres, Pernell, Fitzgerald, Scutella, and Martin remain as Plaintiffs in this case.

Named as Defendants in this case are Nancy Giroux, Superintendent of SCI-Albion ("Giroux"), and the following staff members at SCI-Albion: Deputy Superintendents Michael Clark ("Clark") and Barry Smith ("Smith"); Melinda Adams, Major of Unit Management ("Adams"); Lieutenants Basher ("Basher") and Phillips ("Phillips"); Sergeant Walters ("Walters"); Corrections Officers Arnold ("Arnold"), Putman ("Putman"), Brown ("Brown"), Mulligan ("Mulligan"), and Newell ("Newell"); and Hearing Examiner Szelewski ("Szelewski"). Plaintiffs claim that Defendants violated their rights under the eighth and fourteenth amendments to the United States Constitution, by denying Plaintiffs meals on June 17 and 18, 2015, and by placing them in disciplinary custody for 120 days after they were found guilty of misconduct. Plaintiff Torres also brings a separate claim of retaliation, alleging that he was placed in the Restricted Housing Unit ("RHU") in retaliation for his filing of a grievance related to the denial of a meal on June 17, 2015.

On January 31, 2017, Defendants filed a motion to dismiss [ECF No. 53], arguing that Plaintiffs have failed to state claims upon which relief may be granted. Plaintiff Martin has since filed a brief in opposition to Defendants' motion, which is apparently filed on behalf of all of the Plaintiffs in this case. [ECF No. 56].[1] This matter is now ripe for consideration.

**B.**     **Standards of Review**

   **1.**     **Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

---

[1] In conjunction with their brief in opposition, Plaintiffs have also filed a purported amended complaint [ECF No. 57]; however, the only substantive change evident on the face of the amendment is the omission of Pernell as a named

2

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

---

Plaintiff, which has no bearing on the Court's ultimate recommendation in this matter.

at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir.

4

1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Official Capacity Claims

Defendants assert that, to the extent Plaintiffs are suing them in their official capacities, Defendants are immune from suit under the Eleventh Amendment. The Court agrees.

It is well settled that suits for damages by individuals against state governments, state agencies, or state officers acting in their official capacities are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985) (holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); Chittister v. Dep□t of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000) (holding that individuals are barred from seeking monetary damages from state governments or state agencies). See also Bey v. Pennsylvania Department of Corrections, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000) wherein the court summarized well-established law, observing that:

> [t]he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const.

> amend. XI. Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

Id.; see also Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued. Wilson v. Vaughn, No. 93-C.V.-6020, 1996 WL 426538, *1 n.2 (E.D.Pa. July 30, 1996) (citing, 42 Pa. Con. Stat. Ann. §8521(b)). Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, No. 97-3613, 1998 WL 151803, *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table). Thus, Plaintiffs' claims against Defendants in their official capacities should be dismissed.

### 2. Eighth Amendment Claim

Plaintiffs allege that they were all denied breakfast on the morning of June 18, 2015, and that Plaintiff Torres was also denied supper on the evening of June 17, 2015. As a result, Plaintiffs claim Defendants Bashor, Phillips, Arnold, Putman, Brown, Mulligan, Newell, Walters, and DiRaimo were deliberately indifferent to their health and safety in violation of the Eighth Amendment.

To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337,

347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992) (holding that, at a minimum, correctional institutions must provide inmates with "adequate food, clothing, shelter, sanitation, medical care, and personal safety"). However, in order for conditions of confinement to be considered cruel and unusual under the Eighth Amendment, the deprivation of "the minimal civilized measure of life's necessities" must be "widespread." See McCluskey v. Vincent, 505 Fed. Appx. 199, 204 (3d Cir. 2012) (internal citations omitted). Only extreme deprivations are sufficient to establish an Eighth Amendment violation. See Dockery v. Beard, 509 Fed. Appx. 107, 112 (3d Cir. 2013), citing Farmer, 511 U.S. at 834; Rhodes, 452 U.S. at 347; Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim).

Here, Plaintiffs have alleged only one instance when they were all denied a single meal, while Plaintiff Torre was allegedly denied two. Even assuming Plaintiffs' allegations are correct, isolated instances of food deprivation fall far short of the level of deprivation required to establish an Eighth Amendment violation. See Rieco v. Moran, 633 Fed. Appx. 76, 78 (3d Cir. 2015) ("deprivation of a single meal does not rise to the level of an Eighth Amendment violation because 'only a substantial deprivation of food to a prisoner' states a viable Eighth Amendment claim" (citation omitted)); Washington v. Grace, 445 Fed.Appx 611, 616 (3d Cir. 2011) ("[T]he occasional denial of a 'full meal'… [does] not suffice to state an Eighth Amendment violation"); Lindsey v. O'Connor, 327 Fed. Appx. 319, 321 (3d Cir. 2009) ("The purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation"). See,

7

also, Zanders v. Ferko, 439 Fed.Appx. 158, 160 (3d Cir. 2011) (denial of three meals over two days did not state a claim); Adderly v. Harry, 2015 WL 5016501, at *3–4 (M.D. Pa. Aug. 21, 2015) (same); Negron v. Bickell, 2014 WL 3339539, at *4 (M.D. Pa. July 8, 2014) (same).

Based on the foregoing, Plaintiffs' Eighth Amendment claim of deliberate indifference to their health and safety arising from the deprivation of, at most, two meals, should be dismissed.

### 3. Fourteenth Amendment Claim

Plaintiffs claim that their Fourteenth Amendment due process rights were violated when, on January 23, 2015, they were found guilty of allegedly false misconducts and sanctioned to 120 days of disciplinary confinement in the RHU.

To establish a due process claim under the Fourteenth Amendment, Plaintiff must demonstrate (1) the existence of a constitutionally protected liberty or property interest; and (2) constitutionally deficient procedures by the state in its deprivation of that interest. Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 571(1972). "For a prisoner, such a deprivation occurs when the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). "In deciding whether a protected liberty interest exists under Sandin, [the Court must] consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Id. (citing Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000)). In applying these factors, the Third Circuit Court of Appeals has reached differing conclusions, "reflecting the fact-specific nature of the Sandin test." Mitchell, 318 F.3d at 532 (comparing, inter alia, Shoats, 213 F.3d at 144 (eight years in

8

administrative confinement, during which inmate was locked in his cell for all but two hours per week, denied contact with his family, and prohibited him from visiting the library or "participating in any education, vocational, or other organization activities," clearly implicated a protected liberty interest) with Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (seven months of disciplinary confinement did not implicate a liberty interest), and Griffin v. Vaughn, 112 F.3d 703, 706-09 (3d Cir. 1997) (transfer to administrative custody with strict limits on property, visitation and out-of-cell activities does not implicate inmate's due process rights)).

This case easily falls on the latter side of this divide. The complaint alleges that each of the Plaintiffs was placed in the RHU for 120 days as a result of being found guilty of misconducts issued on June 18, 2017; however, Plaintiffs do not allege that, while in the RHU, they were subjected to a "condition of confinement that was appreciably different from the conditions of other similarly situated inmates, nor do they indicate that [their] time in [disciplinary ] custody constituted an atypical scenario comparable to that experienced by the plaintiff in Shoats." Cash v. Wetzel, No. CA 12-312, 2014 WL 4924865, at *6 (W.D. Pa. Sept. 30, 2014).

Because Plaintiffs' confinement in the RHU did not impose an "atypical and significant hardship" under Sandin, they have not established that they were deprived of a protected liberty interest. Accordingly, Plaintiffs' Fourteenth Amendment due process claim should be dismissed.

### 4. **Retaliation Claim**

The final claim to be considered is the claim of retaliation asserted by Plaintiff Torres against Defendants Basher, Phillips, Walters, Arnold, Putman, Brown, Mulligan, and Newell.

Plaintiff Torres alleges that he was placed in the RHU "for exercising his right to seek redress from the prison through use of the prison's grievance system." (ECF No. 24, Complaint, at ¶ 51). In particular, he alleges that Defendant Basher observed him submitting a grievance on June 18, 2015, and "shook her head disapproving." (Id. at ¶ 75). A few hours later, "a bunch of guards with Basher and Phillips… took all the Plaintiffs handcuffed to the RHU… on prehearing confinement," and Plaintiff Torres received a misconduct for refusing to obey an order and for being present in an unauthorized area. (Id. at ¶¶ 77-78).

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

In order to state a prima facie case of retaliation, a prisoner must demonstrate:

1) the conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials; and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Following the satisfaction of a prima facie case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if Plaintiff were not engaging in the constitutionally protected

activities. Carter, 292 F.3d at 158.

Defendants argue this this claim should be dismissed because it is based in nothing more that conclusory assertions; however, the foregoing allegations are deemed sufficient to state a *prima facie* claim of retaliation at this early stage. Thus, Defendants' motion to dismiss Plaintiff Torres' retaliation claim should be denied and said claim should be allowed to proceed beyond the pleading stage.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted in part and denied in part as follows:

1. Defendants' motion to dismiss Plaintiffs' claims against Defendants in their official capacities should be GRANTED;

2. Defendants' motion to dismiss Plaintiffs' Eighth Amendment claim against Defendants Bashor, Phillips, Arnold, Putman, Brown, Mulligan, Newell, Walters, and DiRaimo should be GRANTED, and said claim should be DISMISSED;

3. Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment due process claim against all Defendants should be GRANTED and said claim should be DISMISSED; and

4. Defendants' motion to dismiss Plaintiff Torres' retaliation claim against Defendants Basher, Phillips, Walters, Arnold, Putman, Brown, Mulligan, and Newell should be DENIED and said claim should be allowed to proceed beyond the pleading stage; and

As a result of the foregoing, the only claim remaining in this case should be Plaintiff Torres' retaliation claim against Defendants Basher, Phillips, Walters, Arnold, Putman, Brown, Mulligan, and Newell. Accordingly, Plaintiffs Pernell, Fitzgerald, Scutella, and Martin, and

Defendants Giroux, Clark, Smith, Adams, and Szelewski should be terminated from this case.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: April 13, 2017

cc: The Honorable Barbara Rothstein
United States District Judge